UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CURTIS HOWELL,<br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS ATTORNEY GENERAL,<br>et al.,<br>Defendants. | Civil Action No.<br>22-11028-NMG |

**MEMORANDUM AND ORDER**

GORTON, J.

For the reasons set forth below, the Court grants the plaintiff's motion for leave to proceed in forma pauperis, vacates the referral of the motion for discovery, and denies the discovery motion without prejudice. If plaintiff wishes to proceed with this action, the Court grants him time to file an amended complaint that sets forth a plausible claim upon which relief may be granted.

I.   Background

On June 27, 2022, Curtis Howell ("Howell" or "plaintiff") initiated this action by filing a pro se complaint with a motion for leave to proceed in forma pauperis.[1] See Docket Nos. 1, 2.

---

[1] The instant action is one of 5 pro se actions filed by Curtis Howell on June 28, 2022. See also Howell v MBTA, 22-11024-FDS; Howell v Planet Fitness, et al., 22-11025-RGS; Howell v. Lowell Regional Transit Authority, 22-11027-AK; Howell v Mass Rehab Commission, 22-11030-FDS. Howell previously filed 4 pro se

The complaint consists of four-pages, primarily single-spaced and typed. Id.  The case caption identifies the following five defendants: the Massachusetts Attorney General Office; the Boston Police Department; Mayor Michelle Wu; the Pine Street Inn; and the Department of Justice.  Id. at 1 (caption).  As in the case caption, the body of the complaint names the Boston Police Department, the Pine Street Inn and Mayor Michelle Wu as defendants.  Id. at p. 1 ¶¶ 1-4 (defendants).  Defendant Attorney General Maura Healey is identified by name and the Department of Justice is omitted as a defendant in the body of the complaint.  Id.

For relief, Howell seeks millions of dollars for the defendants' alleged denial of "assistance from the police and other state governments to investigate and prosecute [the alleged] incidents and provide [Howell with] assistance of safety, security and funding for services and housing."  Id. at p. 4 (relief sought from these violations).  Howell states that "all areas of [his] life have been affected [and that he is]

---

cases on December 8, 2021 as follows: Howell v. Dep't of Housing, et al., C.A. No. 21-11978-ADB (dismissed May 2, 2022); Howell v. Lowell Police Dep't, et al., C.A. No. 21-11974-AK (pending); Howell v. Middlesex Cmty. Coll., et al., C.A. No. 21-11976-JGD (pending); and Howell v. Massachusetts Attorneys Gen,, et al., C.A. No. 21-11979-ADB (dismissed July 18, 2022).

2

being denied reasonable accommodation with respects to federal funding [including his] rights under the American[s] with Disability Act." Id.

The factual allegations are found in ten separate, single-spaced paragraphs. Id. at p. 1-2 ¶¶ 1-10. Howell presents the statement of claims in 8 separate, single-spaced paragraphs. Id. at p. 2-3 ¶¶ 1-8. For the basis of jurisdiction, plaintiff asserts "federal jurisdiction pursuant to 28 U.S.C. § 1331." Id. at p. 2. He also lists over a dozen federal statutes including the following: 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 42 U.S.C. § 2000a; 42 U.S.C. § 2000d-1; 42 U.S.C. § 2000a-2; 42 U.S.C. § 2000a-6; 42 U.S.C. § 2000d; 42 U.S.C. § 2000d-1; 42 U.S.C. § 2000d-7; 42 U.S.C. § 2000e-5; 42 U.S.C. § 2000e-166; 42 U.S.C. § 2000bb-1; 29 U.S.C. § 794; 29 U.S.C. § 794; 29 U.S.C. § 794a; 42 U.S.C. § 12117; 42 U.S.C. § 12133; 42 U.S.C. § 12188; 42 U.S.C. § 2000a, b; 42 U.S.C. § 2000d-7. Id. at p. 2-3.

This case was initially assigned as related to 21-11078-ADB because plaintiff stated on the civil cover sheet that the instant action was a related civil case. See Docket No. 3. The case was returned to the clerk for random reassignment. See Docket No. 4. An Electronic Notice of Reassignment subsequently entered. Docket No. 5.

On July 19, 2022, plaintiff filed a pleading titled "motion for discovery of evidence/subpoena of documentation evidence." See Docket No. 6. Beneath plaintiff's signature, he indicates that this motion is "connected to all 5 cases from May 2022-July 2022."[2] Id. The following day, on July 20, 2022, an electronic order entered referring this motion to the magistrate judge. See Docket No. 7.

## II. Motion for Leave to Proceed In Forma Pauperis

With the complaint, Howell filed an application to proceed without prepaying fees or costs. Docket No. 2. Based upon Howell's financial disclosures, he will be permitted to proceed in forma pauperis.

## III. Screening of the Complaint

Because Howell is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings in forma pauperis). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on

---

[2] Plaintiff was previously advised to identify only one case number on each document that he submits to the clerk for filing. See Howell v. Dep't of Hous. and Cmty. Dev., No. 21-11978-ADB, 2022 WL 1064065, at *1 (D. Mass. Apr. 7, 2022).

4

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). The "complaint should at

5

least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The complaint must succinctly set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant.

While Rule 18(a) of the Federal Rules of Civil Procedure permits Howell "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." Chase v. Chafee, No. 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); see Spencer v. Bender, No. 08-11528-RGS, 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants "may be joined in one action as defendants if. . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

6

Because Howell is proceeding pro se, the Court will construe his complaint generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### IV. Plaintiff's Complaint is Subject to Dismissal

As best can be gleaned from the allegations in the complaint, Howell contends that he reported to the defendants several incidents concerning, among other things, property damage to his iPad in March 2021, a sexual assault in September 2021, a delay in receiving his tax refund, and the denial of lodging at the Pine Street Inn. Additionally, Howell contends that he has submitted multiple applications for crime victim compensation as well as applications for public housing. In his applications, he states that he requested accommodations under the Americans with Disabilities Act. Howell apparently claims that the defendants failed to take sufficient action after he filed complaints and requested assistance.

Here, the factual allegations in the complaint are too vague and conclusory to meet the standards set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure. Plaintiff's factual allegations are insufficient to establish a violation of any of the statutes referenced in the complaint. Plaintiff has not stated enough facts to allow the court to draw the

reasonable inference that any of the defendants are liable under the referenced statutes.

As to the Pine Street Inn, Howell complains that he previously "sought shelter from the Pine Street Inn which [he] was sexually assaulted there and then terminated from the shelter more than once for no reason and now every time [he goes] back theres (sic) no beds." Compl. at p. 1-2 at ¶ 7.

As to the Massachusetts Attorney General, he alleges that he submitted multiple applications on "9/21/21, 3/1/22, /21/22 relating to 4/20/22, and other dates relating to being a victim of violation over at least 5 applications for victim compensation funds were put in by email and by first class mail and [Howell] was only able to get one registered number sent back to [him]." Id. at p. 1 at ¶ 1.

As to Mayor Wu, there are no specific factual allegations against the Boston Mayor and there is no supervisory liability pursuant to 42 U.S.C. § 1983.[3]  "[A] supervisor may not be held liable under section 1983 on the tort theory of respondeat superior, nor can a supervisor's section 1983 liability rest

---

[3] "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)).

solely on [her] position of authority." Guadalupe-Báez v. Pesquera, 819 F.3d 509, 515 (1st Cir. 2016).

As to the Boston Police Department, it is not a suable entity pursuant to 42 U.S.C. § 1983. See Henschel v. Worcester Police Dep't, 445 F.2d 624, 624 (1st Cir. 1971) (explaining that "the Police Department [is not] a suable entity"); Stratton v. City of Bos., 731 F. Supp. 42, 46 (D. Mass. 1989) ("[T]he [Boston] Police Department is not an independent legal entity. It is a department of the City of Boston."). To the extent the applicable claims are construed as to the City of Boston, there are no factual allegations in the complaint to suggest that a municipal policy, custom or practice caused a violation of plaintiff's constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978) (Section 1983 does impose "liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights."). Moreover, the actions of individual law enforcement officers are insufficient to establish the existence of an official policy. See Welch v. Ciampa, 542 F.3d 927, 942 (1st Cir. 2008)

Finally, as to the Department of Justice, plaintiff complains that it is "denying [plaintiff] reasonable accommodation to assist [plaintiff] through the beginning and end of the process to receive funding." Compl. at p. 3 at ¶ 8.

9

Plaintiff also complains that the Department of Justice, along with the Department of Housing and Urban Development, "are neglecting [plaintiff's] complaints and applications relating to repeated incidents of this type of abuse and not relocating [plaintiff] to a safe housing location being that [plaintiff is] attacked over and over again." Id. at p. 3 at ¶ 5. Even assuming that the complaint properly alleges "a constitutional tort for failure to investigate the crimes of government officers and employees in violation of [Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)[4] or the Federal Torts Claims Act[5]] . . a federal agency is not a proper party in a Bivens action, see Federal Deposition Ins. Corp. v. Meyer, 114

---

[4] In Bivens, the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). The Supreme Court recently held that courts may not imply a cause of action under Bivens "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" Egbert v. Boule, No. 21-147, 2022 WL 2056291 (U.S. June 8, 2022) (citation and quotation omitted).

[5] The Federal Tort Claims Act ("FTCA") is a limited waiver of the federal government's immunity from tort lawsuits, allowing plaintiffs to sue the federal government "for money damages ... [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

S.Ct. 996 (1994), or a FTCA suit, see Galvin v. Occupational Safety & Health Admin., 860 F.2d 181 (5th Cir. 1988)." Hooker v. Supreme Court United States, No. 04-3454, 2005 WL 8173979, at *3 (E.D.La. 2005).

### V. Plaintiff may Elect to File an Amended Complaint

If Howell wishes to proceed with this action, he must plead facts sufficient to state a claim upon which relief may be granted. Any amended complaint must comply with the basic pleading requirements of the Federal Rules of Civil Procedure and must set forth a plausible claim upon which relief may be granted. Plaintiff is informed that an amended complaint completely replaces the original complaint, see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), and thus must stand on its own, without reference to the original complaint. If an amended complaint is filed, it will be further screened. Failure to do so will result in dismissal.

### VI. Order

Accordingly, it is hereby Ordered that:

1. The motion for leave to proceed in forma pauperis is GRANTED.

2. The Court's July 20, 2022 Electronic Order (Docket No. 7) referring plaintiff's motion to the magistrate judge is VACATED, and the motion (Docket No. 6) is denied without prejudice.

11

3.   If plaintiff elects to proceed with this action, he must file an amended complaint setting forth a plausible claim upon which relief may be granted.

4.   Failure to timely comply with these directives within twenty-eight (28) days of the date of this Memorandum and Order will result in dismissal of this action.

**So ordered.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge

Dated: July 26, 2022